# *Exhibit 1*

**DISTRICT OF COLUMBIA**
**OFFICE OF THE STATE SUPERINTENDENT OF EDUCATION**
STUDENT HEARING OFFICE
810 First Street, N.E. 2d Floor
Washington, DC 20002

| | |
|---|---|
| STUDENT, By and through PARENTS,[1]  *Petitioners,*  v  **DISTRICT OF COLUMBIA PUBLIC SCHOOLS,**  *Respondent.* | Case No. 2012-0730  Bruce Ryan, Hearing Officer  Issued: December 20, 2012 |

# CONSENT ORDER

This matter came before the undersigned Hearing Officer by Notice of Administrative Due Process Complaint ("Complaint") filed October 17, 2012, against District of Columbia Public Schools ("DCPS") as the local educational agency ("LEA"). The Hearing Officer has jurisdiction pursuant to the Individuals with Disabilities Education Act ("IDEA"), as amended, 20 U.S.C. §§ 1400 *et seq.*; the IDEA's implementing regulations at 34 C.F.R. §§ 300.1 *et seq.*; the District of Columbia Code, §§ 38.2561.01, *et seq.;* and the Code of D.C. Municipal Regulations, *see* 5-E DCMR §§ 3000, *et seq.*

The Complaint concerns a 12-year old student (the "Student") who resides in the District of Columbia and has been determined to be a child with a disability who needs special education and related services under the IDEA. Petitioners are the Student's parents. The Complaint alleges that DCPS has wrongfully refused to reimburse the parents for certain psychological and educational testing of the Student in violation of the IDEA. DCPS responded by denying the allegations.

---

[1] Personally identifiable information is attached as an Appendix to this decision and must be removed prior to public distribution.

The parties were unable to reach agreement to resolve the Complaint within the 30-day resolution period, which ended on November 16, 2012. The parties then participated in pre-hearing conferences ("PHCs") on November 28 and December 5, 2012, and a Prehearing Order was issued which scheduled a Due Process Hearing for December 19, 2012.

The *Prehearing Order* specified the following issue for determination at hearing:

> "Whether DCPS has wrongfully refused to reimburse the parents for psychological and educational testing of the Student conducted by Maria Zimmitti, Ph. D, on 10/27/2010, which Petitioner claims was authorized and educationally necessary?"

*Prehearing Order* (Dec. 5, 2012), ¶ 6. As relief, Petitioners requested that DCPS be ordered "to issue all required authorizations to fully compensate the [parents] for the psychological and educational testing of [Student] by Maria Zimmitti, Ph. D., & Associates on October 27, 2010, and/or order DCPS to reimburse the [parents] without the interim step of issuing an authorization letter," *id.*, ¶ 7, along with attorneys' fees and costs reasonably incurred in pursuing the reimbursement. *See Complaint*, p. 4, Section G, ¶ 2.

The parties filed their respective five-day disclosures and appeared for the Due Process Hearing as scheduled on December 19, 2012. On that date, the parties stipulated and agreed on the record to resolve the Complaint by entry of this Consent Order on the terms set forth herein. The parties' agreement fully resolves the sole issue presented and grants Petitioners' the full relief requested within the jurisdiction and authority of the Hearing Officer.[2]

Section 1002.1 of the *Special Education Student Hearing Office/Due Process Hearing Standard Operating Procedures ("SOP")* provides that the Parent and DCPS "may reach an agreement, thus eliminating the need for a due process hearing or any other resolution action." Section 1002.1 further provides that "[t]he Hearing Officer has authority to dismiss a hearing when informed by the parties that the case has been settled (other than those that have been formally mediated) and may, if requested, incorporate the terms of an agreement into an Order with consent of both parties." *SOP*, § 1002.1. *See also Appropriate Standard Practices ("ASP")*,

---

[2] Petitioners stated their intent on the record to pursue an award of reasonable attorneys' fees under Section 615 (i)(3) of the IDEA, in the event the parties do not reach a separate agreement on such matter. An award of attorneys' fees is within the sole jurisdiction of the district courts of the United States, *see* 20 U.S.C. § 1415 (i)(3)(B), and therefore is not addressed by this Consent Order.

2

§ 10. A. (2) ("Hearing Officers may incorporate the terms of an agreement between the parties in an order with the consent of the parties.").

Accordingly, pursuant to *SOP* Section 1002.1, *ASP* Section 10. A. (2), and the above-referenced agreement and stipulation of the parties, it is hereby **ORDERED**:

1. Within **45 calendar days** of the date of this Order, DCPS shall reimburse Petitioners in the amount of $1,000.00 for the psychological and educational testing of the Student conducted by Maria Zimmitti, Ph. D., & Associates on or about October 27, 2010, *provided* that Petitioners submit in writing to DCPS' designated Compliance Case Manager the following documentation: (a) copy of Dr. Zimmitti's written report; (b) invoice and receipt for payment; and (c) Petitioners' W-9 Form.
2. The above provisions shall fully resolve the Complaint filed October 17, 2012; and with the entry of this Order, the case shall be and hereby is **DISMISSED, With Prejudice.**

***IT IS SO ORDERED.***

Dated: December 20, 2012

_____
Impartial Hearing Officer

DISTRIBUTED TO:

Lisa Seltzer Becker, Esq., Counsel for Petitioners

Linda Smalls, Esq., Counsel for Respondent

Student Hearing Office

3