UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

B.D., a minor, by and through his parents )
and next friends, Anne and Brantley )
Davis, *et al.*, )
)
     Plaintiffs, )
)
     v. ) Civil Case No. 13-01223 (RJL)
)
DISTRICT OF COLUMBIA, )
)
     Defendant. )

**FILED**

**SEP 02 2014**

Clerk, U.S District & Bankruptcy
Courts for the District of Columbia

MEMORANDUM OPINION

(August 30, 2014) [Dkt. ##5, 8]

Plaintiffs Anne and Brantley Davis—as parents and next friends of their son, B.D.—(together "plaintiffs") commenced this action against the District of Columbia ("defendant") on August 8, 2013, claiming that the District of Columbia Public Schools ("DCPS") committed violations of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* See Complaint [Dkt. #1].[1] Now before the Court is defendant's Motion for Partial Dismissal of the Amended Complaint ("Def.'s Mot.").[2] *See* Def.'s Mot. [Dkt. 8]. Upon

---

[1] Plaintiffs filed an Amended Complaint—as a matter of right—on September 27, 2013. *See* Fed. R. Civ. P. 15(a)(1)(B); *see also* Amended Complaint ("Am. Compl.") [Dkt. #6].
[2] Defendant filed a Motion for Partial Dismissal of plaintiffs' original complaint on September 11, 2013. *See* Motion to Dismiss [Dkt. #5]. This motion, however, "became moot when plaintiff[s] filed [their] First Amended Complaint and therefore will be denied." *Baliterra v.*

1

consideration of the parties' pleadings, relevant law, and the entire record in this case, the Court GRANTS, in part, and DENIES, in part, defendant's Motion for Partial Dismissal of the Amended Complaint.

## BACKGROUND

This case involves the provision of special education—and related services—by the District of Columbia Public Schools for the plaintiffs' minor son—B.D. *See* Am. Compl. at 1. B.D. is a disabled student who suffers from "a complex set of problems and disabling conditions that significantly inhibit his ability to progress educationally without the support of special education and related services." *Id.* ¶ 10. B.D.'s disabilities include "specific learning disabilities, attention deficit hyperactivity disorder ("ADHD"), various physical health problems, gross and fine motor coordination issues, behavioral problems, sensory dysregulation and inadequate social skills." *Id.*

From mid-2006 through mid-2009, DCPS funded B.D.'s enrollment at the Kingsbury Day School ("Kingsbury"), which was "able to provide special education programming commensurate with his needs." *Id.* ¶¶ 11-12. Since June 2009, B.D. has only attended school with other children for one month.[3] *See* Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendants' Motion to Partially Dismiss the

---

*West Va. Bd. of Med.*, 253 F. Supp. 2d 9, 14 (D.D.C. 2003); *see also Anderson v. USAA Cas. Ins. Co.*, 218 F.R.D. 307, 311 (D.D.C. 2003) (denying motions to dismiss original complaint without prejudice where original complaint superseded by amended complaint); *Bancoult v. McNamara*, 214 F.R.D. 5, 13 (D.D.C. 2003) (same). Accordingly, defendant's Motion for Partial Dismissal of plaintiffs' original complaint is DENIED, as moot.
[3] At the end of the 2008-2009 academic year, it was agreed that Kingsbury could no longer meet

Amended Complaint ("Pls.' Opp'n") [Dkt. #11] at 3. Plaintiffs' claims in this case stem from their various efforts to obtain a Free Appropriate Public Education ("FAPE") for B.D., as well as from their administrative challenges[4] to the allegedly unsatisfactory Individual Education Plans ("IEP") DCPS has developed for B.D. in the years since 2009.[5]

## STANDARD OF REVIEW

The court may dismiss a complaint or any portion of it for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, however, the court may only consider "the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the court] may take judicial notice." *E.E.O.C. v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997). To survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the

---

B.D.'s special education needs. *See* Am. Compl. ¶ 13.
[4] Plaintiffs brought various administrative challenges before the District of Columbia Office of the State Superintendent of Education ("OSSE"). *See e.g.*, Am. Compl., Ex. 2 (OSSE Hearing Officer Determination).
[5] Plaintiffs' eight-count Amended Complaint seeks the following: reimbursement of attorney's fees as prevailing parties in OSSE Case No. 2012-0730, *see* Am. Compl. ¶¶ 74-77 (Count One), an appeal of the May 16, 2013 OSSE Hearing Officer Determination, *see id.* ¶¶ 78-81 (Count Two), reimbursement of attorney's fees as prevailing parties in OSSE Case No. 2013-0211, *see id.* ¶¶ 82-85 (Count Three), an appeal of portions of the May 10, 2013 OSSE Hearing Officer Determination, *see id.* ¶¶ 86-89 (Count Four), an appeal of the May 30, 2013 OSSE Hearing Officer Determination, *see id.* ¶¶ 90-95 (Count Five), damages for defendant's alleged discrimination against B.D. based on his disabilities, *see id.* ¶¶ 96-114 (Counts Six and Seven), and damages for defendant's alleged unlawful retaliation against plaintiffs, *see id.* ¶¶ 115-123 (Count Eight).

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In considering a Rule 12(b)(6) motion, the court must construe the complaint "in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged." *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) (internal citation and quotation marks omitted). However, factual allegations, even though assumed to be true, must still "be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Moreover, the court need not "accept legal conclusions cast in the form of factual allegations," nor "inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

## ANALYSIS

### I  Plaintiffs are not Prevailing Parties in Case No. 2012-0730

In 2010, in an effort to return B.D. to school—and in reliance on DCPS's authorization for testing with a private psychologist—Ms. Davis arranged for B.D. to undergo a psychological examination with Dr. Maria Zimmitti. *See* Am. Compl. ¶¶ 15-16. Ms. Davis paid $1,000 for the examination, but was not reimbursed by DCPS. *See id.* ¶¶ 16-17. Plaintiffs filed an administrative due process claim seeking reimbursement for the cost of the psychological examination. *See id.* ¶ 18. The parties reached a settlement—memorialized in a Consent Order issued by Hearing Officer Bruce

Ryan on December 20, 2012—requiring DCPS to reimburse plaintiffs in the amount of $1,000 with 45 calendar days. *See id.*, Ex. 1 (Consent Order, *Student, By and through Parents v. District of Columbia Public Schools*, Case No. 2012-0730). Plaintiffs now seek attorney's fees as prevailing parties in Case No. 2012-0730. *See id.* ¶¶ 74-77 (Count One).

The IDEA permits courts to award reasonable attorney's fees to a prevailing party that is the parent of a child with a disability. *See* 20 U.S.C. § 1415(i)(3)(B)(i)(I). To qualify as a prevailing party, a party must show that it has obtained a "material alteration of the legal relationship of the parties." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't Health & Human Res.*, 532 U.S. 598, 604 (2001) (citing *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93 (1989)). Moreover, a party claiming prevailing party status must obtain a "court-ordered change in the legal relationship between the plaintiff and the defendant; [a] judgment rendered in the claimant's favor; and [must show] that the claimant was not a prevailing party *merely by virtue of having acquired a judicial pronouncement* rather than judicial relief." *District of Columbia v. Straus*, 607 F. Supp. 2d 180, 183-84 (D.D.C. 2009) (quoting *Robinson v. District of Columbia*, Civ. No. 06-1253-RCL, 2007 WL 2257326, at *4 (D.D.C. Aug. 2, 2007) (emphasis added). Under certain circumstances, a consent decree can convey prevailing party status. *See Alegria v. District of Columbia*, 391 F.3d 262, 265 (D.C. Cir. 2004). Unfortunately for plaintiffs, however, that is not the case here.

For a settlement to convey prevailing party status it must—at a minimum—be approved by the court and incorporated into a consent decree that provides for some level of continuing judicial oversight. *See Bush ex rel. A.H. v. District of Columbia*, 579 F. Supp. 2d 22, 29 (D.D.C. 2008); *see also*, Report and Recommendation at 53, *Thompson v. District of Columbia*, Civ. No. 12-00103-AK (D.D.C. July 1, 2013), ECF No. 28. Here, the hearing officer merely reduced the settlement to paper without expressing "official judicial approval" of the agreement or retaining any "continuing judicial oversight." *See* Am. Compl., Ex. 1 (Consent Order). The Consent Order in this case did not materially alter the legal relationship between the parties, and thus plaintiffs were not prevailing parties for the purpose of seeking attorney's fees under the IDEA.

## II. ADA and Rehabilitation Act

### A. Discrimination Claims

In Counts Six and Seven of the Amended Complaint, plaintiffs allege that DCPS discriminated against B.D. because of his disability—in violation of the ADA and the Rehabilitation Act—by not providing him with home instruction or "any reasonable level of educational service[s]." *See* Am. Compl. ¶ 97; *see also id.* ¶¶ 96-114. The ADA states that no disabled person shall "be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity" because of his or her disability. 42 U.S.C. § 12132. Similarly, the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his

disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."[6] 29 U.S.C. § 794(a). In analyzing claims of discrimination, courts frequently interpret the ADA and the Rehabilitation Act analogously. *See, e.g., Alston v. District of Columbia*, 561 F. Supp. 2d 29, 39 (D.D.C. 2008) (citing *Weixel v. Bd. of Educ.*, 287 F.3d 138, 148 (2d Cir. 2002)).

To effectively state a claim of discrimination under the Rehabilitation Act, a plaintiff must show that "he or she was discriminated against solely by reason of his [or her] handicap." *Walker v. District of Columbia*, 157 F. Supp. 2d 11, 35 (D.D.C. 2001) (internal quotation marks and citation omitted). Additionally, a plaintiff must show that the defendant exhibited either "bad faith or gross misjudgment," *id.* (citation omitted), and "[l]iability will not be imposed so long as the [defendants] involved have exercised professional judgment, in such a way as not to depart grossly from accepted standards among educational professionals." *Id.* at 35-36 (internal quotation marks and citation omitted). Indeed our Circuit has recognized—in the IDEA context—that in order to state a claim of discrimination in violation of the Rehabilitation Act, "something more than a mere failure to provide [a FAPE] must be shown." *Lunceford v. District of Columbia Bd. of Educ.*, 745 F.2d 1577, 1580 (D.C. Cir. 1984) (quoting *Monahan v. Nebraska*, 687 F.2d 1164, 1170 (8th Cir. 1982)).

---

[6] The statute defines "program or activity" as including "all operations of . . . a local education

Plaintiffs fail to allege any facts regarding how B.D. was allegedly treated differently from any of his similarly situated peers. Nor have they shown that DCPS's handling of B.D.'s case was in *any way*, let alone *solely*, motivated by his disability. Moreover, plaintiffs fail to allege any facts tending to show that DCPS was exhibiting "bad faith or gross misjudgment," as is required to state a claim of discrimination under the Rehabilitation Act. *See Walker*, 157 F. Supp. 2d at 35 (citation omitted). Accordingly, I find that plaintiffs fail to allege sufficient facts to support a claim of discrimination under either the Rehabilitation Act or the ADA.[7]

## B. Retaliation Claim

In Count Eight of the Amended Complaint, plaintiffs allege that DCPS retaliated against them for their advocacy on behalf of B.D., in violation of the ADA and the Rehabilitation Act. *See* Am. Compl. ¶¶ 115-123. To make out a prima facie case of retaliation under the ADA—or the Rehabilitation Act—a plaintiff must show: (1) that he or she engaged in protected activity; (2) that he or she was subjected to adverse action; and (3) that there was a causal link between the adverse action and the protected activity. *See Mayers v. Laborers' Health & Safety Fund of North Am.*, 478 F.3d 364, 369 (D.C. Cir. 2007); *Smith v. District of Columbia*, 430 F.3d 450, 455 (D.C. Cir. 2005); *see also Duncan v. Wash. Metro. Area Transit Auth.*, 214 F.R.D. 43, 49-50 (D.D.C. 2003). The

---

agency." 29 U.S.C. § 794(b)(2)(B).
[7] Although this analysis focuses on the Rehabilitation Act, "it applies with equal force" to plaintiffs' claims under the APA. *Cf. Alston*, 561 F. Supp. 2d at 39.

Amended Complaint fails to state any specific "protected activity" that plaintiffs were engaged in when they were allegedly retaliated against by DCPS.

Moreover, the allegedly retaliatory conduct by DCPS is, in fact, mandated *by law*. *See* D.C. Code § 4-1321.02 (requiring "school official[s]" to report any instances of child neglect, including when "any child . . . has 10 or more days of unexcused absences within a school year"); *see also* D.C. Code § 16-2301(9)(A)(ii) (defining "neglected child" as one without proper education as required by law). Because plaintiffs objected to DCPS's placement of B.D. in a residential school—and then failed to enroll B.D. in either the local DCPS public school or a private school of their choosing—DCPS was required by law to report them to the Child and Family Services Agency. *See* D.C. Code § 4-1321.02(a-1). It strains credulity, to say the least, for plaintiffs to argue that DCPS engaged in retaliatory behavior simply by reporting conduct that it had a legal obligation to report. Thus, plaintiffs fail to effectively plead a cause of action for retaliation under the ADA or the Rehabilitation Act, and their claim must fail.

## CONCLUSION

Accordingly, for all the foregoing reasons, the Court DENIES defendant's Motion for Partial Dismissal of plaintiffs' original complaint, as moot, and GRANTS, in part, and DENIES, in part, defendant's Motion for Partial Dismissal of the Amended Complaint. Accordingly, the only remaining claims in this case are those contained in Counts Two, Three, Four, and Five of the Amended Complaint. An Order consistent with this decision accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge